UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN SUTTON,<br><br>                 Petitioner,<br>v.<br>WARDEN, et al.,<br><br>                 Respondents. | Case No. 2:25-cv-02103-GMN-DJA<br><br>**ORDER** |

Petitioner Kevin Sutton, a *pro se* litigant, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 5) and a Motion for Judicial Notice (ECF No. 6). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases. Sutton challenges a 1999 judgment of conviction entered in state district court, pursuant to which he is still in custody.[1] The Court takes judicial notice of the habeas Petitions Sutton has filed in the District of Nevada, including one that was decided on the merits: *Sutton v. Farwell*, Case No. 3:04-cv-00498-HDM and *Sutton v. Baker*, 3:18-cv-00598-MMD.

As this Court has previously explained to Sutton, a second or successive petition may not be filed absent authorization from the Court of Appeals. The current petition is second or successive because a prior federal petition was decided on its merits, Sutton attacks the same judgment of conviction, and the claims Sutton raises here are based on facts that had occurred by the time of the prior petition. *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, a petitioner must move in the court of appeals for an order authorizing the district court to consider

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do. According to state court records, of which this Court takes judicial notice, no intervening judgment of conviction has been entered in Petitioner's criminal case.

the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *Brown*, 889 F.3d at 667. Sutton makes no allegation or showing that he has received authorization from the Court of Appeals for the Ninth Circuit to file this second or successive petition. This second or successive petition must therefore be dismissed for lack of jurisdiction.

In addition, Sutton fails to allege a cognizable federal habeas claim. Sutton alleges that he was granted parole for his first-degree murder conviction and that he is able to be released "when eligible." ECF No. 1-1 at 4-5. He further alleges that the deadly weapon sentencing enhancement is not a separate offense under NRS 193.165 warranting his imprisonment. A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim." *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993).

Generally, matters relating to state sentencing are not cognizable on federal habeas review. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) (state court's misapplication of state sentencing laws does not violate due process thereby justifying federal habeas relief unless petitioner can show "fundamental unfairness"); *Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (question of whether a prior conviction qualifies for sentence enhancement under California law is not cognizable federal habeas claim).

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (federal courts may not reexamine state court decisions on state law issues). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

Sutton's claim presents no federal question because they plainly involve the application or interpretation of state law regarding prison parole hearings. *See Swarthout v. Cooke*, 562 U.S. 216, 220–22 (2011) (noting that the Supreme Court has "long recognized that a mere error of

state law is not a denial of due process"). Further, Nevada inmates possess no liberty interest in being released on parole, *Moor v. Palmer*, 603 F.3d 658, 662–63 (9th Cir. 2010). Sutton's claim is a question of state law and therefore are not cognizable in federal habeas corpus proceedings.[2]

**IT IS THEREFORE ORDERED:**

1. Petitioner Kevin Sutton's Petition for Writ of Habeas Corpus (ECF No. 5) is dismissed without prejudice for lack of jurisdiction.

2. Petitioner's Motion for Judicial Notice (ECF No. 6) is denied as moot.

3. Petitioner is denied a certificate of appealability, as jurists of reason would not find the dismissal of the petition on jurisdictional grounds to be debatable or wrong.

4. The Clerk of Court is kindly directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents. No response is required from Respondents other than to respond to any orders of a reviewing court.

5. The Clerk of Court is further kindly directed to enter final judgment accordingly, dismissing this action without prejudice, and close this case.

DATED:   January 8, 2026

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that his claims also appear non-cognizable in federal habeas because success on their merits "would not necessarily lead to immediate or speedier release" given the discretionary nature of parole decisions. *See Nettles v. Grounds*, 830 F.3d 922, 934–35 (9th Cir. 2016).